UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HOWELL,<br>Defendant. | Case No. 15-cr-00456-SI-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE**<br>Re: Dkt. No. 159 |

On November 18, 2019, defendant-petitioner Bradley Howell filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court hereby DENIES the motion and DENIES a certificate of appealability.

**BACKGROUND**

Defendant is a 36-year-old male currently serving a 46-month sentence at Federal Correctional Complex in Coleman, Florida. Dkt. No. 151 at 1 (Mot.). On July 18, 2018, defendant pleaded guilty to Count One of the Indictment in Case Number 3:15-00456, charging him with conspiracy to commit wire fraud, a violation under 18 U.S.C. § 1349. Dkt. No. 103 at 1 (Plea Agreement). He also pleaded guilty to Count Six of the Indictment in Case Number 3:17-cr-0036, which was transferred to this Court from the Western District of Kentucky, charging him with money laundering, a violation under 18 U.S.C. § 1957. *Id.*

The Court conducted a sentencing hearing on November 1, 2018 and adopted the plea agreement. Dkt. No. 158 at 7 (Opp'n). Defendant's base offense level under U.S.S.G. § 2B1.1 was seven. *Id.* at 7. The parties agreed to a 16-level enhancement for a loss amount greater than $1.5 million under U.S.S.G. § 2B1.1(b)(1)(I), resulting in an adjusted offense level of 23. *Id.* The

parties did not reach an agreement regarding defendant's criminal history. Dkt. No. 103 at 7 (Plea Agreement). The Court sentenced defendant to a 46-month prison term. Dkt. No. 158 at 7 (Opp'n). The sentencing range for an offense level of 23 and a criminal history of I is 46-57 months. Dkt. No. 151 at 11 (Mot.). Defendant agreed to the Court's imposition of special conditions of supervised release. Dkt. No. 103 at 7 (Plea Agreement). He also agreed to pay full restitution for the total monetary loss caused by the offenses with which he was charged, amounting to $1,591,895. *Id.* at 7-8. The Court entered judgment on November 2, 2018. Dkt. No. 121 (Judgment). In the plea agreement, defendant waived his right to appeal his conviction and to file any collateral attack on his conviction or sentence but retained his right to claim ineffective assistance of counsel. Dkt. No. 103, at ¶¶ 4, 5 (Plea Agreement).

On November 18, 2019, defendant filed the instant motion. Dkt. No. 151 (Mot.). At the time of filing, defendant had served 17 months of his 46-month sentence. *Id.* Defendant argues:

(1) defendant's counsel's failure to object to the 16-level sentence enhancement amounted to ineffective assistance of counsel, which prejudiced defendant and resulted in a miscarriage of justice;

(2) defendant's final offense level of 23 is "grossly disproportionate" to a crime with a base offense level of seven, making the 16-level enhancement "nonapplicable and/or unconstitutional;"

(3) defendant's supervised release and restitution requirements violate his rights under the Fifth Amendment;

(4) defendant's restitution requirement violates Article I, Section 10, Clause 2 of the United States Constitution;

(5) 28 U.S.C. § 2255(b) violates defendant's rights because it improperly delays his ability to collaterally attack his sentence in violation of the Suspension Clause ("the privilege of Writ of Habeas Corpus shall not be suspended"[1]);

(6) 28 U.S.C. § 2255(f) violates defendant's rights under the Suspension Clause because it creates a one-year statute of limitations for filing motions to vacate, set aside, or correct judgement;

---

[1] U.S. Const. art. 1, § 9, cl. 2.

2

(7) defendant's sentence is causing him loss of enjoyment of life, which amounts to extraordinary circumstance or emergency. Dkt. No. 151 at 1-4 (Mot.).

In terms of remedies, defendant asks the Court (1) review this motion on its merits quickly considering the alleged "extraordinary circumstances"; (2) correct his sentence by removing the 16-point enhancement, the requirement for supervised release, and restitution; and, (3) issue an order discharging him from custody. Dkt. No. 151 at 4 (Mot.).

## **LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b); *see also United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

"An inmate filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(b)). The Ninth Circuit has characterized this standard as "requiring an evidentiary hearing where the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Id.* at 1116 (internal quotation marks and citation omitted).

3

**DISCUSSION**

**I.     Timeliness**

A one-year statute of limitation exists for filing § 2255 motions.  28 U.S.C. § 2255(f).  This one-year period starts running on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255 (f)(1).  In the Ninth Circuit, criminal judgments become final when the time to file a direct appeal for direct review expires.  *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).  Defendants can file a direct appeal for direct review 14 days after judgment is entered.  Fed. R. App. P. 4.  The first day of this 14-day period is the day after judgment is entered.  Fed. R. App. P. 6.  The one exception to this rule is equitable tolling, which is only warranted if the prisoner shows "extraordinary circumstances beyond her control that made it impossible for her to file her motion within the appropriate time period."  *United States v. Schwartz*, 274 F.3d at 1224; *see also Miles v. Prunty*, 187 F.3d 1004, 1107 (9th Cir. 1999) ("when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate").

The government argues defendant's motion fails because it is untimely.  Dkt. No. 158 at 7 (Opp'n).  Defendant's motion is untimely.  The one-year statute of limitations period for filing a § 2255 motion began running on November 16, 2018, when the Court's judgement became final and the defendant could no longer file an appeal for direct review.  Fed. R. App. P. 6.  Defendant filed the instant motion on November 18, 2019 – two days after the statute of limitations period expired.  Dkt. No. 151 (Mot.).  While the motion is untimely, it is only untimely by two days.  More importantly, even if it were timely, it fails on the merits.

**II.    Procedural Default**

A prisoner is "procedurally barred" from seeking federal collateral review if he fails to file a direct appeal of his conviction before the time do so expires.  *Casey v. Moore*, 386 F.3d 896, 921 (9th Cir. 2004), *cert. denied*, 386 F.3d 896 (2005).  Procedural default can be overcome if "the prisoner is able to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

4

fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991), *cert. denied*, 501 U.S. 1277 (1991). "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds,* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214.

### A. Cause

A prisoner can show cause by proving that "something *external* to the petitioner, something that cannot fairly be attributed to him" prevented the claim from being timely filed. *Coleman,* 501 U.S. at 753. The general rule in the Ninth Circuit has been "that 'constitutional claims may be raised in collateral proceedings even if defendant failed to pursue them on appeal.' " *English v. United States*, 42 F.3d 473, 479 (9th Cir. 1994) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. If the prisoner cannot demonstrate cause, then the Court need not consider the issue of prejudice. *Castillo v. Clark*, 610 F. Supp. 2d 1084, 1107 (C.D. Cal. 2009) (finding that petitioner's failure to show cause obviated the Court's need to address prejudice).

The government argues that defendant failed to show cause either for failing to file a direct appeal or for failing to timely file his § 2255 petition. Dkt. No. 158 at 9 (Opp'n). The Court agrees. While defendant includes the heading "Cause and Prejudice" in his motion, he only discusses prejudice. Dkt. No. 151 at 1 (Mot.). No cause appears to exist. Defendant claims he received a "grossly disproportionate" sentence "to the crime in question" because his counsel (1) did not object to his sentence enhancement and (2) failed to advise defendant of his Eighth Amendment rights. *Id.* Defendant provides no evidence of objective factors that prevented him from appealing his sentence or timely filing his petition. Since defendant cannot establish cause, the Court need not address prejudice.

5

**B.     Actual Innocence**

If a defendant is unable to establish cause and prejudice, his claim "may still be reviewed in [a] collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 623, (1998) (quoting *Murray*, 477 U.S. at 496). A prisoner's claim of actual innocence must meet a high threshold; his contention must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence…" *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Further, the prisoner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Defendant has not provided any evidence that proves his innocence. In his plea agreement, defendant admitted to conspiring to commit wire fraud and money laundering. Dkt. No. 103 at ¶ 2 (Plea Agreement). During the change of plea hearing on July 18, 2018, the Court asked defendant: "Did you go over everything in paragraph 2 [of the plea agreement]?" Dkt. 158-2 at 21 (Opp'n Ex. 2). Defendant responded: "Yes, Your Honor." *Id.* at 22. The Court continued: "And is everything in paragraph 2 true?" *Id.* Defendant again responded: "Yes, Your Honor." *Id.* Defendant admitted to crimes as charged in his plea agreement, affirmed he read the plea agreement and verified its contents, and failed to provide evidence in his § 2255 claim that he did not commit these crimes. There is no proof of actual innocence.

**III.     Waiving Right to Appeal in Plea Agreement**

The Court will enforce a defendant's waiver of his rights to appeal a plea agreement "if the language of the waiver encompasses his right to appeal on the grounds raised, and…the waiver is knowingly and voluntarily made." *United States v. Harris*, 628 F.3d 1203, 204 (9th Cir. 2011) (quoting *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009)). If the appeal "raises issues encompassed by a valid, enforceable appellate waiver, the appeal generally must be dismissed." *Id.* The Ninth Circuit has held that "[p]lea agreements are interpreted using contract principles with any ambiguity construed in defendant's favor." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir.

2009), *cert. denied*, 130 S. Ct. 3461 (2010). This means that if the terms of both "the plea agreement and an appeal waiver are 'clear and unambiguous' on their face, [the Court] 'will not look to extrinsic evidence to determine their meaning.' " *United States v. Harris*, 628 F.3d at 1205 (quoting *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000)).

The government argues defendant's plea agreement is "unequivocal." Dkt. No. 158 at 10 (Opp'n). The Court agrees. The wavier explicitly states: "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective." Dkt. No. 158-1 at 7 (Opp'n Ex. 1). There is no evidence defendant did not knowingly and voluntarily enter into the plea agreement or unwittingly waived his rights. His plea agreement states:

> I confirm that my decision to enter these guilty pleas is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dkt. No. 103 at ¶ 20 (Plea Agreement). Thus, the Court finds no evidence that defendant's waiver of his appellate rights should not be enforced.

## IV. Cruel and Unusual Punishment

The Eighth Amendment's "Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." *Graham v. Florida*, 560 U.S. 48, 59 (2010). "For the most part, however, the [Supreme] Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id.* The Eighth Amendment contains a "narrow" proportionality principle – one that "does not require strict proportionality between crime and sentence," and forbids only "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 59-60. Only in that rare case where a comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality does the court compare a petitioner's sentence with sentences for other offenders in the jurisdiction, and for the same crime in other jurisdictions, to determine whether it

7

is cruel and unusual punishment. *Id.* at 60.

Defendant argues the 16-level enhancement he received "is grossly disproportionate to a crime with a seven (7) point offense level." Dkt. No. 151 at 2 (Mot.). The Court disagrees. Defendant received the 16-level enhancement because his crimes amounted to a loss of more than $1.5 million, pursuant to U.S.S.G.§ 2B1.1(b)(1)(I). The sentencing range for a total offense level of 23 is 46-57 months. Dkt. No. 151 at 11 (Mot.). Defendant was sentenced to the lowest prison term possible in this range. Further, even if the Court were to find an inference of gross disproportionality, comparing defendant's sentence to the sentences of similar offenders in this district demonstrates that the sentence is not cruel and unusual. The government cites numerous examples of recent fraud cases in the Northern District of California, in which the Court has handed down sentences for similar loss amounts that are either as long or significantly longer than defendant's sentence. Dkt. No. 158 at 11 (Opp'n). It is noteworthy that in *United States v. Joel Zweig*, the Court issued a 56-month sentence for an intended loss amount of $1.6 million. *United States v. Zweig*, No. 16-cr-00208-WHO-1, 2017 WL 3895708 (N.D. Cal. Sept. 5, 2017). In *United States v. Robert Strahan*, the Court issued a 57-month sentence for a loss amount of just over $1.1 million. *United States v. Robert Strahan*, No. 14-cr-00295 (N.D. Cal. May 29, 2014). Considering the loss amount and the related cases in this district, a 46-month prison term is eminently reasonable.

### V. Fifth Amendment Violation

Defendant contends the Court's imposition of supervised release and restitution violate his Fifth Amendment rights, "amount[ing] to multiple punishments for the same offense." Dkt. No. 151 at 3 (Mot.). Defendant's argument fails. Restitution is a legislative requirement, as per the Mandatory Victims Restitution Act of 1996 ("MVRA"), for the crimes to which defendant pled guilty. 18 U.S.C. § 3363A(c)(1)(B) (restitution payments must be made to victims who have "suffered . . . pecuniary loss"); *see United States v. Dubose*, 146 F.3d 1141, 1143 (9th Cir. 1998) (denying claim that the MVRA is unconstitutional); *United States v. McLeod*, No. 99-50484, 2000 WL 1599252, at *1 (9th Cir. Oct. 26, 2000) (finding that the district court's decision to uphold the MVRA was not in error); *United States. v. Kiperts*, No. 97-30244, 1998 WL 416474, at *1 (9th Cir.

8

July 6, 1998) (rejecting defendant's arguments that the MVRA is unconstitutional). And nothing about defendant's supervised release requirements is improper. *See United States v. Hall*, 912 F.3d 1224, 1226 (9th Cir. 2019) (holding that a supervised release condition violates a defendant's due process rights "if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application") (quoting *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007)) (internal quotation marks omitted). Rather, defendant's prison term, supervised release, and restitution requirements are part of one cumulative sentence he explicitly agreed to after pleading guilty to money laundering and conspiracy to commit wire fraud. Dkt. No. 103 at 1-2 (Plea Agreement).

## VI.    Ineffective Counsel

When a convicted defendant raises a claim of ineffective counsel, the Court must evaluate the attorney's performance based on the standard of "reasonably effective assistance, considering all of the circumstances." *Strickland v. Washington*, 466 U.S. 668, 669 (1984), *superseded on other grounds by* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. In *Strickland*, the Supreme Court established a two-prong test for proving ineffective counsel, which requires the defendant to demonstrate "both deficient performance by counsel and that the deficiency prejudiced him." *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). This two-prong test is "applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). For a defendant to obtain relief on a claim of ineffective counsel when he was advised by his counsel to accept a plea bargain, he "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

To satisfy the first prong of the *Strickland* test, the convicted defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 669. Judges must be "highly deferential" to attorney performance and must take care "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. When judging

counsel's conduct, the Court "must indulge a strong presumption that [the] conduct falls within the wide range of reasonable professional assistance . . . ." *Id.*

In evaluating the second prong in the context of plea agreements, the Court must focus "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. This means that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* If a defendant cannot "establish incompetence under the first prong" of the *Strickland* test "it is unnecessary to consider the prejudice prong." *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998)

Defendant argues his attorney "failed to object to the enhancement applied to the base offense level during sentencing and to advise [him] of [his] Eighth Amendment protection against cruel and unusual punishment." Dkt. No. 151 at 1 (Mot.). Defendant further argues this failure amounts to "ineffective assistance which led to a miscarriage of justice." *Id.* The government argues defendant has not demonstrated his counsel's "deficient performance," and, further, has not shown a "reasonable probability that, but for his counsel's alleged ineffectiveness, the outcome would be different regarding his plea or sentence." Dkt. No. 158 at 15 (Opp'n).

The Court agrees with the government. Defendant's counsel did indeed object to defendant's 16-level enhancement, submitting a 30-page memorandum to the Court arguing against the enhancement and requesting a downward variance pursuant to U.S.C. § 3553(a). Dkt. No. 111 at 20 (Sentencing Mem.). Instead of his 46-month sentence, defendant's counsel urged defendant be sentenced "to a custodial term of one year and one day, 200 hours of community service, three years of supervised release, and all other standards terms and conditions." *Id.* at 30. The lengthy memorandum addressed the nature and circumstances of the offense, defendant's personal history, his family's reliance on him, and the fact that "[h]e took responsibility in open court." Dkt. No. 111 at 13 (Sentencing Mem.). Additionally, his counsel cited multiple multimillion-dollar fraud cases and their sentence amounts to "avoid unwarranted sentencing disparities." *Id.* at 25. Defendant's counsel fought ardently for him, and the Court fully considered counsel's detailed memorandum when determining defendant's prison term, supervised release term, and restitution amount.

Even if defendant could satisfy the first prong of the *Strickland* test, his claim of ineffective counsel would fail under the second. Defendant provides no evidence justifying a rejection of the plea agreement and going to trial. Thus, defendant's claim of ineffective counsel is wholly unsupported by the record and baseless.

### VII. Article I, Section 10, Clause 2 Violation

Defendant argues the Court's imposition of restitution is a violation of Article I, Section 10, Clause 2 of the Constitution. While he titles this section of his motion "Article I, Section 10, Clause *2*" he quotes from Article 1, Section 10, Clause *1* of the United States Constitution. Dkt. No. 151 at 3 (Mot.) (emphasis added). Regardless of the clause, defendant's arguments are without merit.[2]

### VIII. Article I, Section 9, Clause 2 Violations

Defendant argues that 28 U.S.C. § 2255(b)[3] creates an unconstitutional delay for filing his habeas claim, citing Article 1 Section 9, Clause 2 of United States Constitution ("the privilege of the Writ of Habeas Corpus shall not be suspended"). Dkt. No. 151 at 3 (Mot.). But defendant waived his right to appeal his conviction and sentence in his plea agreement. Such waivers are upheld so long as "(1) the language of the wavier encompasses defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270-

---

[2] Article 1, Section 10, Clause 2 of the United States Constitution deals with imports and exports, which is irrelevant to the case at hand. U.S. Const. art. 1, § 10, cl. 2. The section that defendant quotes from Article 1, Section 10, Clause 1 deals with legal tender. U.S. Const. art. 1, § 10, cl. 1. It seems defendant argues his restitution requirements are unconstitutional because he must pay restitution in cash rather than in gold and silver coins. *Id*. The Supreme Court has unequivocally held that the federal government has the power "to provide a national currency for the whole people in the form of…treasury notes…and the power to make the notes of the government a legal tender in payment of private debts." *Juilliard v. Greenman*, 110 U.S. 421, 460 (1884). Further, the MVRA "makes restitution mandatory, without regard to a defendant's economic situation…to identifiable victims who have suffered physical injury or pecuniary loss, from crimes of violence, crimes against property, and crimes related to tampering with consumer products, see 18 U.S.C. § 3663A(c)." *Dubose*, 146 F.3d at 1143.

[3] "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

71 (9th Cir. 1998)) (internal citations omitted). Those conditions are clearly met here. Dkt. No. 103 at ¶¶ 4, 5, 20 (Plea Agreement); Dkt. No. 158-2 at 22 (Opp'n Ex. 2). Defendant waived his right to appeal knowingly and voluntarily. Dt. No. 103 at ¶ 20 (Plea Agreement); Dkt. No. 158-2 at 22 (Opp'n Ex. 2).

Further, defendant argues that 28 U.S.C. § 2255(f) violates his rights under Article 1, Section 9, Clause 2 of the United States Constitution because it creates a one-year statute of limitations for filing a motion to vacate, set aside, or correct his sentence. As stated above, defendant waived his right to collaterally attack his conviction or sentence.

## CONCLUSION

Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. A certificate of appealability is also DENIED.

**IT IS SO ORDERED**.

Dated: June 17, 2020

SUSAN ILLSTON
United States District Judge